IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-99-KS

SHANNON KEEN,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security
Administration,[1]

    Defendant.

**ORDER**

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Shannon Keen ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On November 30, 2021, the court held oral argument in this matter. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the court grants Plaintiff's Motion for Judgment on the Pleadings [DE #31], denies

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).

Defendant's Motion for Judgment on the Pleadings [DE #35], and remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for DIB and SSI on July 29, 2016, with an alleged onset date of October 28, 2015.[2] (R. 12, 256–69.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 12, 81–82, 113–14, 144–45.) A hearing was held on February 12, 2019, before Administrative Law Judge ("ALJ") Joseph L. Brinkley, who issued an unfavorable ruling on April 9, 2019. (R. 9–72.) On April 3, 2020, the Appeals Council denied Plaintiff's request for review. (R. 1–5.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. On June 4, 2020, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517

---

[2] Plaintiff amended her alleged onset date from May 2, 2009, to October 28, 2015, in writing and through counsel. (R. 12, 283.)

(4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of SSA*,

174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter relevant to the DIB claim, the ALJ found Plaintiff meets the insured status requirements of the Act through March 31, 2013. (R. 14.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since his alleged onset date of October 28, 2015. (*Id.*) Next, the ALJ determined Plaintiff had the severe impairments of chronic venous insufficiency, major depressive disorder, generalized anxiety disorder, obesity, and vitamin B12 deficiency. (R. 15.)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the

4

listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 15–17.) The ALJ expressly considered Listings 4.11, 12.04, 12.06 and 12.07, and Plaintiff's obesity in accord with SSR 02–1P for equivalency purposes. (*Id.*)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), except that she: is limited to no more than occasional stooping, kneeling, crouching, climbing of ramps and stairs, and using her lower extremities to operate foot and leg controls. She is limited to no climbing of ladders, ropes, or scaffolds. She is limited to no more than occasional exposure to temperature extremes, and no working around dangerous, moving mechanical parts and unprotected heights, and working in a moderate noise environment. She is limited to work at reasoning level 2, which is the ability to do simple, repetitive, and routine tasks and to understand and carry out very short and simple oral and written instructions in two-hour intervals. She is limited to occasional, superficial interaction with the general public and occasional direct interaction with coworkers and supervisors. She is limited to working in an environment in which there is little change in the structure and performing jobs not requiring [her] to complete a specific number of high volume production quotas on a defined timeline or to do fast paced assembly line work.

(R. 17–18.) In making this assessment, the ALJ stated that he considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 18–19.) At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. (R. 22.) Nonetheless, at step five, upon considering Plaintiff's age, education, work

experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: marker (DOT #209.587-034), photo copying machine operator (DOT #207.685-014), and router (DOT #222.587-038). (R. 23–24.) The ALJ concluded that Plaintiff has not been disabled under the Act since October 28, 2015, Plaintiff's alleged onset date. (R. 24.)

### IV. Plaintiff's Argument

Plaintiff raises a single argument on review: ALJ Brinkley failed to identify and resolve an apparent inconsistency between the RFC and the jobs identified at step five. (Pl.'s Mem. Supp. Mot. J. Pldgs. [DE #32] at 6–8.) More specifically, Plaintiff contends, based on *Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019), and *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019), that the RFC limitation to jobs with only "very short and simple" instructions is inconsistent with reasoning level 2 jobs, which include each job identified at step five and which may require "carry[ing] out detailed but uninvolved written or oral instructions" and "[d]eal[ing] with problems involving a few concrete variables in or from standardized situations." (*Id.*) *See also* Dictionary of Occupational Titles (DOT), App'x C, § III, 1991 WL 688702 (explaining reasoning level 2 job duties); Marker, DOT #209.587-034, 1991 WL 671802; Photo Copying Machine Operator, DOT #207.685-014, 1991 WL 671745; Router, DOT #222.587-038, 1991 WL 672123.

In contrast, the Commissioner, also relying on *Thomas*, 916 F.3d at 314, notes that reasoning level 2 does not automatically exclude jobs with short instructions. (Def.'s Mem. Supp. Mot. J. Pldgs. [DE #36] at 8.) Moreover, the Commissioner

contends there is no conflict between the RFC and the step-five jobs because ALJ Brinkley explicitly found Plaintiff capable of performing reasoning level 2 jobs and the jobs at identified at step five are all reasoning level 2 jobs. (*Id.*)

In *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit, in addressing the impact of SSR 00–4p, 2000 WL 1898704 (Dec. 4, 2000), held that an ALJ must independently identify and obtain a reasonable explanation from the vocational expert (VE) as to any apparent conflicts between the VE's testimony and the DOT before relying on the VE's testimony. *Pearson*, 810 F.3d at 209–10. "An expert's testimony that apparently conflicts with the [DOT] can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]." *Id.* When assessing whether an apparent conflict exists, the reviewing court compares "the DOT's 'express language' with the vocational expert's testimony." *Lawrence*, 941 F.3d at 143 (quoting *Pearson*, 810 F.3d at 209).

In *Thomas*, the Fourth Circuit specifically addressed the type of apparent conflict between an RFC limitation to "short, simple instructions" and reasoning level 2 jobs and held that a person who is

> limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions. This is not a categorical rule— some instructions, particularly if they are well-drafted, may be simultaneously short, simple, detailed, and uninvolved. Even so, the conflict between [the claimant]'s limitation to short, simple instructions and the VE's testimony that [the claimant] could perform jobs that include detailed but uninvolved instructions is as apparent as the conflict we identified in *Pearson*.

7

*Thomas*, 916 F.3d at 314. A few months later, the Fourth Circuit further

r explained the following in *Lawrence*:

> In *Thomas v. Berryhill*, this court found an apparent conflict between the claimant's residual functional capacity, which limited her to jobs involving "short, simple instructions," and Level 2's concept of "detailed but uninvolved instructions." 916 F.3d at 313–14. Lawrence asserts that there is no meaningful difference between Thomas's residual functional capacity and hers, which limits her to "simple, routine, repetitive tasks." We disagree.
>
> Even assuming that "tasks" and "instructions" are synonymous, the key difference is that Thomas was limited to "short" instructions. "Short" is inconsistent with "detailed" because detail and length are highly correlated.

*Lawrence*, 941 F.3d at 143 (footnote omitted).

Here, there is an apparent conflict because ALJ Brinkley assessed that Plaintiff had the RFC—which is the *most* a claimant can do, *see, e.g., Thomas*, 916 F.3d at 310—to carry out "very short and simple" instructions (R. 18), but found that Plaintiff could perform jobs at step five which may require a person to carry out "detailed" instructions (R. 24). *See Lawrence*, 941 F.3d at 143.

The Commissioner's arguments do not persuade for the following reasons. First, while it is true that *Thomas*, 916 F.3d at 314, did not announce a categorical rule regarding short instructions and reasoning level 2 jobs, ALJ Brinkley elicited no testimony from the VE or otherwise addressed the apparent inconsistency recognized in *Thomas*.[3] (*See* R. 23–24, 65–70.) Had ALJ Brinkley or the VE explained that the

---

[3] *Thomas* was initially decided on January 15, 2019, and then amended on February 22, 2019.

jobs identified at step five involve instructions that are "simultaneously short, simple, detailed, and uninvolved," as *Thomas* suggested, then the Commissioner's argument might be persuasive. But that is not the case. Second, relying on ALJ Brinkley's finding that Plaintiff can perform reasoning level 2 jobs only shifts the apparent conflict from between the RFC and step-five jobs to an internal conflict in ALJ Brinkley's RFC assessment. After all, ALJ Brinkley would still need to reconcile his finding that Plaintiff can perform reasoning level 2 jobs but can only perform jobs with "very short and simple" instructions. *See Thomas*, 916 F.3d at 314; *Lawrence*, 941 F.3d at 143. Whether the conflict exists between the RFC and the step-five jobs, as discussed in *Pearson*, *Thomas*, and *Lawrence*, or as an internal inconsistency in the RFC, remand is required.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings [DE #31] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #35] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 22nd day of March 2022.

_____
KIMBERLY A. SWANK
United States Magistrate Judge